## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | CHARLES R. NORGLE | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 0516 | DATE | 2/2/04 |
| CASE TITLE | Harvey Wright (#2003-0025183) vs. M.A. Paskuly, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The plaintiff's motion for leave to proceed in forma pauperis [#3] is granted. The court authorizes and orders Cook County Jail officials to deduct $4.00 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk is directed to send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, summonses shall not issue at this time. The court hereby appoints Gabrielle Sigel / Jenner & Block / One IBM Plaza / Chicago, Illinois 60611 / (312) 923-2758 to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37. The complaint on file is dismissed without prejudice to appointed counsel filing an amended complaint within 60 days if the amended complaint comports with appointed counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 03 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| mjm | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

(Reserved for use by the Court)

# ORDER

The plaintiff, an inmate at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $4.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the correctional facility where the plaintiff is confined is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $150 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Fiscal Dept., and shall clearly identify the plaintiff's name and this case number. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event of the plaintiff's transfer from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's allegations as true, the court finds that the plaintiff has articulated several colorable federal causes of action. The plaintiff claims that: (1) security guards at the Greyhound bus station arrested him for no reason; (2) Chicago police officers (a) subjected him to an unreasonable interrogation, (b) ignored his demands for an attorney, (c) used force against him without provocation; and (d) denied him needed medical care; and (3) unnamed medical staffers at the Cook County Jail have acted with deliberate indifference to the plaintiff's [unspecified] medical needs.

However, the complaint on file is unacceptable. For example, the plaintiff is unable to identify many of the defendants. The U.S. Marshal will be unable to identify or serve "John Doe" defendants without any more information. Furthermore, although much of the complaint relates to allegedly unconstitutional conditions of confinement and mistreatment at the Cook County Jail, no jail officials are named as defendants. As an additional concern, an ongoing civil rights case against players in the plaintiff's pending criminal prosecution may affect the ongoing state case.

Because of the serious nature of the plaintiff's allegations, and because it appears that the plaintiff cannot effectively litigate his claims, the court hereby appoints Gabrielle Sigel / Jenner & Block / One IBM Plaza / Chicago, Illinois 60611 / (312) 923-2758 to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37. After investigation, appointed counsel should file an amended complaint within sixty days if such amendment comports with counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure. If counsel is unable to file an amended complaint, she should so inform the court.