**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HARVEY WRIGHT,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CHICAGO POLICE OFFICER DAVID KUPCZYK, Star #20519, in his official and individual capacities, and CITY OF CHICAGO, a municipality,<br><br>Defendants. | ) | 04 C 516<br><br>Judge Norgle<br><br>Magistrate Judge Denlow |

**DEFENDANTS' JOINT MOTION TO RECONSIDER**
**GRANTING PLAINTIFF *IN FORMA PAUPERIS* STATUS AND**
**TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT *INSTANTER***

Defendants David Kupczyk and the City of Chicago (collectively, "Defendants") request this Court to reconsider its order granting Plaintiff Harvey Wright *in forma pauperis* status and to enter an order *instanter* dismissing the Second Amended Complaint and forbidding further litigation until Plaintiff has paid all outstanding docket fees and sanctions. Defendants further request this Court to stay the date upon which their answer or other pleading to the Second Amended Complaint is due until a ruling is made on this motion. In support of this motion, Defendants state as follows:

1. Plaintiff sued the Defendants in this matter with an excessive force claim under 42 U.S.C. § 1983 (2006), a state law battery claim and a state law indemnification claim, arising from his arrest and conviction for an incident occurring on April 6, 2003. Plaintiff was found guilty by a jury on June 3, 2005 of three counts of aggravated criminal sexual assault, two counts of aggravated kidnapping, and three counts of criminal sexual assault. (Pl.'s Second Am. Compl. 1–6 (ECF No. 22)). Plaintiff is currently appealing his criminal convictions.

2. The Court initially granted Plaintiff's motion to proceed *in forma pauperis* under 25 U.S.C. § 1915. (Minute Order of Feb. 2, 2004) (ECF No. 4).)[1]

3. The Court then stayed this action, pursuant to Plaintiff's unopposed motion, pending the final adjudication of his state criminal proceedings. (Minute Order of Jan. 20, 2006 (ECF No. 37); Minute Order of Oct. 1, 2010 (ECF No. 47).)

4. "Pre-judgment orders . . . may be reconsidered at any time," and courts have considerable discretion "to make a different determination of any matters that have not been taken to judgment or determined on appeal." *Cameo v. Convalescent Center, Inc. v. Percy*, 800 F.2d 108, 110 (7th Cir. 1986) (citation omitted). For instance, a motion to reconsider may be brought "to present newly discovered evidence." *Publisher's Res., Inc. v. Walker-David Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (citation omitted).

5. Since the Court's initial grant of Plaintiff's motion to proceed *in forma pauperis*, Plaintiff has incurred three strikes under 25 U.S.C. § 1915(g): *Wright v. Laurent*, No. 04-cv-3052, slip op. at 1 (N.D. Ill. May 12, 2004) (ECF No. 4) ("This is one of plaintiff's three allotted dismissals under 28 U.S.C. 1915(g)."); *Wright v. Laurent*, No. 04-cv-3052, slip op. at 1 (N.D. Ill. Oct. 22, 2004) (ECF No. 17) ("The court certifies that the appeal is not taken in good faith."); *Wright v. Laurent*, No. 04-2818, slip op. at 1 (7th Cir. Dec. 2, 2004) (dismissing frivolous appeal and entering order pursuant to *Newlin v. Helman*, 123 F.3d 429, 433 (7th Cir. 1997)); and *Wright v. Doe*, No. 06-cv-5498, slip op. at 1 (N.D. Ill. Dec. 1, 2006) (ECF No. 7) ("This is one of plaintiff's three allotted dismissals under 28 U.S.C. Section 1915(g).").[2]

6. Under 25 U.S.C. § 1915(g), if a prisoner proceeding *in forma pauperis* has incurred three strikes, the court must "immediately" dismiss his suit and "forbid[] further litigation" until he has "paid in full all outstanding fees and sanctions in all civil actions he has filed." *Sloan v. Lesza*, 181 F.3d 857, 859

[1] When the Court initially granted Plaintiff's motion to proceed *in forma pauperis*, Plaintiff did not provide a list of his prior lawsuits. (*See* Pl.'s Application (ECF No. 3).) But prisoners must inform the courts of all other lawsuits they have filed because the courts must review past litigation in considering requests to proceed *in forma pauperis* under 25 U.S.C. § 1915. *See Evans v. Illinois Dep't of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998).

[2] These unpublished orders are attached as Exhibit A.

(7th Cir. 1999) (citing *Newlin*, 123 F.3d at 436–37); *accord* 25 U.S.C. § 1915(g) ("*In no event shall* a prisoner bring a civil action . . . under this section . . . ." (emphasis added)).[3]

7. Finally, the undersigned apologizes for the delay in filing this motion. The undersigned was on trial in federal court in front of Magistrate Judge Schenkier during the second and third week of November, and subsequently started preparing for an upcoming fatal shooting case that is going to trial in state court on December 6, 2010. The undersigned also did not realize that an answer or other pleading to the complaint was due on November 10, 2010 until counsel for Plaintiff contacted her today with regard to its whereabouts.

8. The filing of this motion is not made for purposes of delay or undue prejudice.

**WHEREFORE**, for the reasons stated above, Defendants City of Chicago and David Kupczyk request this Court to reconsider its order granting Plaintiff Harvey Wright *in forma pauperis* status and to enter an order *instanter* dismissing Plaintiff's Second Amended Complaint and forbidding further litigation until Plaintiff has paid all outstanding docket fees and sanctions. Defendants further request this Court to stay the date upon which their answer or other pleading to the Second Amended Complaint is due until a ruling is made on this motion.

Respectfully submitted,

**/s/ Kathryn M. Doi**
KATHRYN M. DOI
Assistant Corporation Counsel

30 N. LaSalle, Suite 900
Chicago, IL 60602
(312) 744-0742
Attny No. 6274825

[3] Although not at issue in this case, a statutory exception exists if the prisoner is "under imminent danger of serious physical injury." 25 U.S.C. § 1915(g). The exception requires a "real and proximate" threat or prison condition. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). "[T]he harm must be imminent or occurring at the time the complaint is filed." *Id.* "By using the term 'imminent,' Congress indicated . . . a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001).

**CERTIFICATE OF SERVICE**

I hereby certify that I have caused true and correct copies of the above and foregoing to be served upon all parties of record pursuant to ECF, in accordance with the rules of electronic filing of documents, on this 30th day of November, 2010.

**/s/ Kathryn M. Doi**
KATHRYN M. DOI
Assistant Corporation Counsel