**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HARVEY WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | 04 C 516 |
| | ) | |
| | ) | HONORABLE JUDGE NORGLE |
| | ) | |
| CITY OF CHICAGO POLICE OFFICER | ) | Magistrate Judge Denlow |
| DAVID KUPCZYK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR JOINT MOTION TO RECONSIDER GRANTING PLAINTIFF IN FORMA PAUPERIS STATUS AND TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT INSTANTER**

Defendants David Kupczyk and the City of Chicago (collectively "Defendants"), by their attorneys, Kathryn Doi, Assistant Corporation Counsel, and Timothy Farrell, Special Assistant Corporation Counsel, submit this reply in support of their Joint Motion to Reconsider Granting Plaintiff's *In Forma Pauperis* Status and to Dismiss. In further support of their motion, Defendants state as follows:

## INTRODUCTION

In the present motion, Defendants pray for reconsideration by this Court of its grant of *in forma pauperis* (or "IFP") status to Plaintiff.[1] As a consequence of the

[1] If the Court grants Defendant's motion and properly finds that Plaintiff has lost his privilege to proceed *in forma pauperis*, dismissal would be proper unless Plaintiff meets his prepayment obligations under Title 28. However, this motion should not be construed as a motion to dismiss based on the merits of Plaintiff's complaint. *See Twitty v. Stepp*, 2005 WL 1958394, at *2 (S.D. Ill. 2005) (noting that a plaintiff's improper filing status is not a defense to be resolved pursuant to Rule 12, but should be addressed through a motion to reconsider).

extensive stay under which this action has lain dormant, during which time Plaintiff has pursued other frivolous lawsuits earning him three "strikes" under 28 U.S.C. § 1915(g), Plaintiff's privilege to defer prepayment of filing fees under section 1915(a) should be revisited and revoked. Because Plaintiff has lost the privilege to defer payment under the Prison Litigation Reform Act ("PLRA") (*codified at* 28 U.S.C. § 1915), this action should be dismissed "immediate[ly]" and "further litigation" must be forbidden until he has "paid in full all outstanding fees and sanctions in all civil actions he has filed." *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

## ARGUMENT

Plaintiff's application to proceed in this action *in forma pauperis* did not conform to the requirements of the PLRA and should have been denied in the first instance. Moreover, the three "strikes" that Plaintiff accumulated through the frivolous litigation he undertook while this present lawsuit lay inactive now precludes Plaintiff from reviving this lawsuit and proceeding *in forma pauperis.* Because Plaintiff has lost his privilege to proceed without prepaying the required file fees, this action should be dismissed unless Plaintiff prepays the fees for the current action, as well as all other fees and sanctions still owning from his earlier litigation.

### I. Plaintiff's IFP Status Should Not have been Granted in the First Instance

At the outset, it must be noted that Plaintiff's IFP application did not conform to section 1915(a), and should not have been granted in the first instance. "Leave to proceed *in forma pauperis* may be revoked when it was granted in error." *Calhoun v. Detella*, 2003 WL 1964248, *3 (N.D. Ill. 2003). Section 1915(a)(2) provides:

> A prisoner seeking to bring a civil action . . . without prepayment of fees . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the *6-month* period *immediately preceding* the filing of the complaint . . .

*Id.* (emphasis supplied). Plaintiff's IFP application failed to conform to the requirements of this section and should not have been approved. Plaintiff filed his complaint and IFP application on January, 22 2004. (*See Wright v. Kupczyk*, *et al*., 04-cv-00516 ("*Kupczyk*"), ECF docket sheet, attached hereto as Defendant's exhibit A-5.) The trust fund account statement that Plaintiff attached included only four months of account history, from June 3, 2003 to October 1, 2003. (*See Kupczyk*, Docket No. 3, p. 4, attached hereto as Def. ex. A-6.). Thus, Plaintiff failed to meet section 1915(a)(2)'s requirement of showing six months of account history—though he was incarcerated during that time—and he also failed to reveal the three and a half months of account history *immediately preceding* the filing of his complaint. § 1915(a)(2) Accordingly, Plaintiff's IFP status was not merited in the first instance, and the Court should revoke on this point alone. *Calhoun v. Detella*, 2003 WL 1964248, at *3.

## II. The Three "Strikes" Incurred by Plaintiff during the Course of this Case's Substantial Dormancy Preclude Plaintiff from Proceeding *In Forma Pauperis*

The substantial length of time that this action has been subject to stay, and Plaintiff's abuse of his privilege under section 1915, are circumstances that further justify a reconsideration by this Court of its grant of Plaintiff's IFP status. *See* Fed. R. Civ. P. 60(b)(6) (allowing reconsideration for "any other reason that justifies relief").

Plaintiff filed his application for IFP status on January 22, 2004, almost seven years ago. (*See* Def. Ex. A-5.) At that time he represented his financial status to this Court, which granted his motion to proceed *in forma pauperis*. (*Kupczyk*, Docket No. 4,

attached hereto as Def. ex. A-7.) Then in September of 2005, Plaintiff motioned this Court to stay the proceedings pending resolution of his criminal case. (*Kupczyk*, Docket No. 32; *see* Def. ex. A-5.) Upon the granting of Plaintiff's motion, this case essentially lay inactive until September 2010, when this Court ordered the parties to report for a status hearing. (*Kupczyk*, Docket No. 42; *see* Def. ex. A-5.) Because of the extent of time passed since this Court's consideration of Plaintiff's IFP application, and the three "strikes" that Plaintiff has earned since then, this Court should revoke Plaintiff's privilege to pursue this action without first prepaying the filing fees.

During the period that this case sat dormant, Plaintiff's pursuit of frivolous claims made him subject to the three "strikes" rule under section 1915(g), and now prevents him from bringing this action without prepayment of the requisite filing fees. As discussed in greater detail below (Part II, *infra*), Plaintiff filed two complaints that were dismissed for failure to state a claim (*Wright v. Laurent*, No. 04-cv-3052 ("*Laurent*") & *Wright v. Doe*, No. 06-cv-5498 ("*Doe*"), attached hereto as Def. ex. A-1 & A-4, respectively), as well as an appeal from *Laurent* that was dismissed by the Court of Appeals after this Court adjudged it not taken in good faith (*Laurent*, Docket Nos. 17 & 18, attached hereto as Def. ex. A-2 & A-3, respectively). Because Plaintiff has incurred three "strikes," section 1915(g) dictates that Plaintiff should not be able to revive this action without first prepaying the required filing fees.

Plaintiff argues that section 1915(g) should not apply to him because the complaint in this action was filed before he incurred three "strikes." (*See* Plaintiff's Response, Docket No. 52, pp. 5-8 ("Pl. Response").) But the Seventh Circuit has held that "[p]risoners who play games to avoid the PLRA should not expect courts to

cooperate." *Moran v. Sondalle,* 218 F.3d 647, 651-52 (7th Cir. 2000) (revoking appellants' IFP status and assigning each "strikes"). The purposes of section 1915 should not be frustrated where Plaintiff deserted this lawsuit for more than five years, and subjected himself to the consequences of section 1915(g)—to wit, earning three "strikes" by pursuing other frivolous litigation—long before he resurrected this case. *See Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000) (observing that the PLRA was intended to reduce, not increase the number of frivolous suits brought by prisoners).

Indeed, the PLRA "seeks to balance an inmate's right of access to the courts against both the need to curtail frivolous litigation that overwhelms the judicial system." *United States v. Antonelli,* 371 F.3d 360, 362 (7th Cir. 2004). The PLRA also seeks to "reduce[] the state's burden of responding to frivolous actions." *Ramsey v. Coughlin*, 94 F.3d 71, 73 (2d Cir. 1996). Bringing an action *in forma pauperis* is a "privilege." *Newlin v. Helman*, 123 F.3d 429, 437 (7th Cir.1997), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) and *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000). To balance this privilege, Congress provided in that when a prisoner has three or more actions or appeals dismissed on grounds that they are frivolous or fail to state a claim, he loses his privilege to defer payment of the requisite filing fees. § 1915(g). Moreover, *Newlin* made clear that:

> [A] plaintiff who has lost the right to proceed *in forma pauperis* also has lost the right to defer payment under § 1915(b). Section 1915(g) says that a disqualified litigant loses the right to proceed 'under this section'—that is, all of § 1915. The fee must be paid, and paid now. To permit deferral would defeat the function of § 1915(g), for it would give prisoners who have abused the privilege (those to whom § 1915(g) applies) the same rights as prisoners who have not.

*Newlin*, 123 F.3d at 436-37. In this case, Plaintiff was initially granted the privilege to bring this action under section § 1915(b)(1). (Def. ex. A-7.) So while section 1914(a) required Plaintiff to pay a filing fee of $350, Plaintiff was granted the privilege to bring his action "without prepayment." § 1915(a). Plaintiff is nonetheless required to "pay the full amount of a filing fee" in partial payments. § 1915(b). However, since Plaintiff earned three "strikes" under § 1915(g), he has lost his privilege to bring this action without prepayment. If Plaintiff were allowed to proceed, it would treat him the same as prisoners who have not lost the privilege, offending the function of the PLRA and section 1915(g). *Cf. Newlin*, 123 F.3d at 436-37.

Pointedly, when codifying the PLRA in Title 28, Congress wrote "bring"—but not "institute"—to authorize this privilege. *Compare* 28 U.S.C. § 1914 ("parties instituting any civil action") *with* § 1915 ("prisoner brings a civil action"); *cf. Firstar Bank, N.A. v. Faul*, 253 F.3d 982, 992 (7th Cir. 2001) (interpreting Title 28 with the "canon that different words in the same statute should be given different meanings"). And in *Newlin*, the Court noted that "[a] prisoner who accumulates three strikes loses for the duration of imprisonment the right to ***proceed*** *in forma pauperis* . . . " *Newlin*, 123 F.3d at 436 (emphasis supplied). Indeed, throughout the opinion, the Court refers to the function of section 1915(g) as stripping the right to "proceed" with IFP status, rather than the right to "file" or "institute" a claim with IFP status. *See generally id.* Accordingly, the IFP-stripping function of section 1915(g) should be understood to prevent the *bringing or proceeding with* a lawsuit, as differentiated from the *instituting* of an action, the latter term which Congress clearly demonstrated it could have used in section 1915(g) if it so intended. *See* § 1914(a). Plaintiff argues that 1915(g) does not apply to him, yet

fails to explain why Congress chose not to use the term "institute" rather than "bring," or why such seminal decisional law such as *Newlin* consistently refers to 1915(g) as preventing prisoners from *proceeding* with their lawsuits. Indeed, the foregoing demonstrates that the purpose of section 1915(g) would be defeated if Plaintiff were able to proceed *in forma pauperis* in spite of his three "strikes," especially in this case where Plaintiff attempts to revive his claims after a half decade of dormancy. Plaintiff here *brings* this action in the truest sense of the word.

Because Plaintiff earned himself three "strikes" long before the current action was resurrected, he lost the privilege to proceed *in forma pauperis* and, therefore, has lost the right to defer payment under section 1915(b). *Id*. at 436-37. In addition, Plaintiff has been ordered to pay hundreds of dollars in filing fees for his earlier lawsuits that were dismissed for failure to state a claim. (*See* Def. ex. A-1, A-3, & A-4.) Plaintiff has made no showing that he has paid any of these fees, as is required by section 1915(b) and *Newlin*, 123 F.3d at 436. In light of Plaintiff's three "strikes," and his failure to pay the hundreds of dollars of fees already assessed against him, Plaintiff's IFP status should be reconsidered and revoked. Accordingly, this action should be dismissed "immediate[ly]" and "further litigation" must be forbidden until he has "paid in full all outstanding fees and sanctions in all civil actions he has filed." *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999) (*citing Newlin*, 123 F.3d at 436-37); *accord Laurent*, No. 04-2818, slip op. at 1 (Def. Ex. A-3) (entering *Newlin* order that "clerk of the district court shall collect appellate fees from prisoner's trust fund account using the mechanism of Section 1915(b).").

## III. PLAINTIFF HAS THREE "STRIKES" AGAINST HIM FOR PURPOSES OF § 1915(g)

It is undisputed that Plaintiff has accumulated two strikes: one strike when this Court dismissed his complaint in *Laurent* (Def. ex. A-1), and a second strike when this Court dismissed his complaint in *Doe* (Def. ex. A-4), each for failure to state a claim. (Pl. Response, pp. 9-13.) At issue here is whether Plaintiff's pursuit of an appeal over his claims in *Laurent*, after they were adjudged meritless, constitutes a third strike for purposes of § 1915(g). The decisional law of this Circuit makes it clear that it does.

Since the passage of the Prison Litigation Reform Act, the Seventh Circuit has consistently held that "a frivolous complaint (or [ ] a complaint that is dismissed under § 1915A for failure to state a claim) followed by a frivolous appeal leads to two "strikes" under 28 U.S.C. § 1915(g)." *Hains v. Washington*, 131 F.3d 1248, 1250 (7th Cir. 1997) (*citing Newlin v. Helman*, 123 F.3d at 433); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) ("We have held that the filing of a complaint and the pursuit of an appeal count as separate "strikes" for this purpose."); *see also Jones v. Sternes,* 124 Fed.Appx. 448, 450 (7th Cir. 2005); *Williams v. Centers for Disease Control and Prevention*, 96 Fed. Appx. 399 (7th Cir. 2004); *Williams v. Lomen*, 81 Fed.Appx. 871, 874 (7th Cir. 2003).

In an effort to evade Seventh Circuit precedent, Plaintiff argues that this Court's determination that Plaintiff's notice of appeal was not taken in good faith, and the Seventh Circuit's subsequent dismissal of the appeal, were not sufficient to trigger a second "strike" for purposes of § 1915(g). (Pl. Response, p.9.) Plaintiff suggests in conclusory fashion that a plaintiff must pursue review under Federal Rule of Appellate Procedure 24(a)(5) and contest the district court's certification of a non-good faith appeal

before his appeal constitutes an additional strike. *Id.* This is simply not so. Contrary to Plaintiff's assertions, the reasoning in *Newlin v. Helman*, 123 F.3d 429 (7th Cir. 1997) does not require a Plaintiff to challenge the district court's certification before his appeal can be counted as a strike. *Id.* at 433. Rather, the court held that "[a] plaintiff who has been told that the claim is foreclosed and then files a notice of appeal without offering any argument to undermine the district court's conclusion is acting in bad faith." *Id.*; *see also Lee v. Clinton*, 209 F.3d at 1026 (holding that "good faith" for purposes of section 1915 is the "common legal meaning of the term, in which to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit."). And an appeal pursued in bad faith after the complaint has been dismissed for failure to state a claim is frivolous, and warrants an additional strike. *Newlin v. Helman*, 123 F.3d at 433.

Plaintiff makes much of the fact that he erroneously filed his leave to appeal *in forma pauperis* in the Court of Appeals, rather than the District Court, and that it was only thereafter when this Court certified that an appeal was not taken in good faith. (Pl. Response, p. 12.) But the Seventh Circuit has made it clear that the pursuit of an appeal not taken in good faith, or one deemed frivolous, warrants a "strike" under § 1915(g), irrespective of a good-faith determination by the district court. *Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997) ("We could remand so that the district judge may make a finding whether the appeal has been taken in good faith. 28 U.S.C. § 1915(a)(3). Yet this case has already consumed more than enough judicial time . . . . Because it is frivolous, it also counts as a "strike" under § 1915(g)."); *see also Lee v. Clinton*, 209 F.3d at 1027 ("There is no reason why obviously frivolous appeals such as Lee's, appeals bound to be

dismissed as soon as the appellate judges get hold of them, should have to be authorized by the district judge just because the appellant is a lunatic in the literal sense of the word.").

It is also no answer for Plaintiff to argue that a strike should not be assessed because, despite it having been adjudged as taken in bad faith, his appeal was formally dismissed for failure to pay the docketing fee. (Pl. Response, pp. 10-11.) The one relevant case from this Circuit cited by Plaintiff, *Johnson v. Sheahan*, 2005 WL 2739183 (N.D. Ill. Oct. 24, 2005) fails to support his contention. The court in *Johnson* ruled that a "strike" could not be assessed in a case in which the plaintiff failed to prosecute (*Johnson v. Ridge*, 96-CV-806 (M.D.Pa.1996)); in so doing, however, the court emphasized that the district court in that case had *not* "ruled that the action was frivolous, malicious, or failed to state a claim," implying that a "strike" *would* be warranted if the case had been dismissed on such grounds. *Id.* at *4. Moreover, it is clear why Judge Kennelly assigned only one strike from another case in which the district court dismissed the complaint and certified that an appeal would not be taken in good faith (*Johnson v. Daiwa Bank Trust Company*, 96 CV 7315 (S.D.N.Y.1996))—no appeal was ever pursued in that case. (*See* Docket Report for *Johnson v. Daiwa Bank Trust Company,* 96 CV 7315 (S.D.N.Y. 1996), Attached hereto as Defendant's Exhibit A-8). By contrast, in *Calhoun v. Detella*, 2003 WL 1964248 (N.D. Ill. 2003), Judge Conlon counted a "strike" against a plaintiff in circumstances similar to those here. The district court denied plaintiff's motion for leave to appeal *in forma pauperis*. *Id.* at *5. The court held that the district court's decision prevented the plaintiff from proceeding *in forma pauperis* "unless the Seventh Circuit disagreed," and that when the Seventh Circuit summarily denied plaintiff's IFP motion, it

constituted "an implicit determination that the appeal was frivolous," which "also counts as a strike." *Id.* Accordingly, where the Circuit Court defers to the District Court for a ruling as to an appeal's good faith, the ultimate denial of IFP status stands as an implicit determination that the appeal was frivolous and deserving of an additional strike. *Cf. id.* Thus, Plaintiff's argument that his appeal in *Laurent* does not warrant a "strike" because it was formally dismissed based on failure to pay the docketing fee is "hypertechnical" and unavailing. *See Thompson v. Drug Enforcement Admin*., 492 F.3d 428, 433 (D.C. Cir. 2007); *Hafed v. Federal Bureau of Prisons*, 2010 WL 5300829, at *4 (10th Cir. 2010). But for the Seventh Circuit's orders denying Plaintiff's motion to appeal *in forma pauperis* and transferring the motion to the District Court for a determination of good faith, and but for this Court's denial of leave to appeal *in forma pauperis*, "[Plaintiff's] appeal would have gone forward." *Cf. id.* The appeal was dismissed by the Circuit Court, which implicitly adopted this Court's determination that the appeal was taken in bad faith. *Cf. Calhoun v. Detella*, 2003 WL 1964248, at *5. It is simply of no moment that the reason listed for dismissal was non-payment of docketing fees. *Id.* at *5 ("whether the court entering a dismissal calls it a strike is merely a "housekeeping matter").

In light of the foregoing, the procedural history in *Laurent* clearly demonstrates that Plaintiff's pursuit of his appeal earned him a third "strike." Plaintiff filed a complaint under 42 U.S.C. § 1983, alleging a wide range of conduct by his public defender, none of which gave rise to an actionable claim. (*Laurent*, Docket No. 1, attached hereto as Def. ex. A-9.) Indeed, Plaintiff's claims were "transparently frivolous," and this Court summarily dismissed them pursuant to 28 U.S.C. §

1915(e)(2)(B). (Def. Ex. A-1); *cf. Moore*, 110 F.3d at 24 (holding that pursuing such a claim on appeal warranted a strike whether or not the district court certified it as taken in bad faith). On notice that his complaint failed to state a claim, Plaintiff nevertheless filed a notice of appeal "without offering any argument to undermine the district court's conclusion." (*Laurent,* Docket No. 9 attached hereto as Def. ex. A-10.); *cf. Newlin v. Helman*, 123 F.3d at 433. This alone establishes that Plaintiff acted in bad faith. *Id.* at 433. Plaintiff then filed an IFP application in the Seventh Circuit, which transferred the IFP motion back to this Court for a ruling. (*Laurent,* Docket No. 12, attached hereto as Def. ex. A-11.) The Circuit Court also denied Plaintiff's motion without prejudice, pending the District Court's decision. (*Laurent,* Docket. No. 14, attached hereto as Def. ex. A-12.) When this Court denied Plaintiff's motion for leave to appeal *in forma pauperis*, it was accepted by the Circuit Court, which dismissed Plaintiff's appeal because he failed to either pay the appellate fee or appeal the denial of his IFP petition. (Def. ex. A-3); *Calhoun v. Detella*, 2003 WL 1964248, at *5; *see also Lilly v. Wallace*, 252 Fed.Appx. 92, 93 (7th Cir. 2007) ("But Torhorst counts twice, because the district judge not only dismissed the suit as frivolous but also certified that an appeal would be frivolous, and this court agreed, denying Lilly permission to appeal as a pauper. Thus Torhorst produced two countable "suits or appeals" under § 1915(g).").

In sum, Plaintiff chose to pursue an appeal based upon frivolous claims, but offered no argument in response to this Court's conclusion. Because of this Court's finding that "the appeal is not in good faith" (Def. ex. A-2, p.2), in concert with the Circuit Court orders denying the IFP application, deferring to the District Court, and ultimately dismissing Plaintiff's appeal, Plaintiff was precluded from proceeding *in*

*forma pauperis*. And but for the concerted orders by the District and Circuit Courts, surely Plaintiff's appeal would have gone forward. *Cf*. *Thompson*, 492 F.3d at 433. Thus, the dismissal of Plaintiff's appeal was the direct result of its being adjudged frivolous and as failing to state a claim. § 1915(g). Accordingly, Plaintiff's pursuit of an appeal in *Laurent*, which was dismissed on such grounds, produces an additional "strike," bringing Plaintiff's total to three for purposes of section 1915(g).

Thus, because Plaintiff's IFP application did not conform to section 1915's requirements in the first instance, and because Plaintiff's pursuit of frivolous litigation long before he attempted to resurrect the present action earned him three "strikes," Plaintiff can no longer proceed here with IFP status.

## CONCLUSION

WHEREFORE, for the foregoing reasons, this Court is urged to reconsider its granting of IFP status to Plaintiff, and, where Plaintiff fails to pay the filing fees for this action, as well as all fees and sanctions assessed from his previous litigation, the Court should dismiss the instant action.

Respectfully submitted,

/s/ Kathryn M. Doi
KATHRYN M. DOI
Assistant Corporation Counsel

30 NORTH LA SALLE ST.
SUITE 900
CHICAGO, ILLINOIS 60602
(312) 742-6404
ATTORNEY NO. 6274825

/s/ Timothy R. Farrell____________
TIMOTHY R. FARRELL
Special Assistant Corporate Counsel

30 NORTH LA SALLE ST.
SUITE 900
CHICAGO, ILLINOIS 60602
(312) 744-0451
ATTORNEY NO. 6303276