# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 516 | **DATE** | 1/18/2011 |
| **CASE TITLE** | Wright vs. Kupczyk, et al. | | |

**DOCKET ENTRY TEXT**

Defendants' Joint Motion to Reconsider Granting Plaintiff *In Forma Pauperis* Status and to Dismiss Plaintiff's Second Amended Complaint *Instanter* [49] is denied. Defendants shall answer Wright's Complaint on or before February 17, 2011.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Defendants City of Chicago Police Officer David Kupczyk and the City of Chicago (collectively "Defendants") move the Court to dismiss the case and reconsider its determination that Plaintiff Harvey Wright ("Wright") may proceed In Forma Pauperis. For the following reasons, the Motion is denied.

In order to explain the context in which this Motion arises, the Court must briefly outline the procedural history of the instant case and two other cases Wright filed.

In the instant case, Wright alleges excessive force arising from his arrest and conviction on state law charges of aggravated sexual assault, sexual assault, and aggravated kidnapping. Illinois Department of Corrections records indicate that Wright is currently serving a life sentence.

On February 2, 2004, the Court granted Wright's application to proceed In Forma Pauperis. The Court then stayed the case, pursuant to Wright's unopposed motion, until the conclusion of his state court proceedings. The Court lifted the stay on October 1, 2010 and ordered Defendants to answer or otherwise respond to Wright's Complaint. Defendants filed the instant Motion on November 30, 2010.

On April 29, 2004, while incarcerated, Wright filed a second suit, alleging violations of 42 U.S.C. § 1983 against Paul Laurent, his former Public Defender, and two John Doe Defendants. The Court dismissed the Complaint for failure to state a claim on May 12, 2004. In that Order, the Court noted that this dismissal counted as one of Wright's three "strikes" under 28 U.S.C. § 1915(g). Under that statute, a prisoner may not bring a civil action or appeal if he or she has, while incarcerated, brought three or more actions or appeals that were dismissed on the grounds that they were "frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Wright appealed that decision. The Court determined that the appeal was not taken in good faith, and therefore denied Wright's application to proceed In Forma Pauperis on appeal. Wright did not pay the appellate filing fee, and the Seventh Circuit dismissed the appeal for failure to pay the filing fee on December 2, 2004.

Wright, while still incarcerated, filed another case on October 10, 2006, alleging violations of § 1983 against Cook County Jail officials. The Court dismissed the case on December 1, 2006, and again noted that

## STATEMENT

this was one of Wright's three allotted "strikes" under § 1915(g). Wright did not appeal.

Defendants now assert that the Court should (1) reconsider its February 2, 2004 determination that Wright may proceed In Forma Pauperis; (2) dismiss Wright's instant complaint on the grounds that he has accumulated three "strikes" under § 1915(g); and (3) forbid Wright from proceeding with this or any other litigation until Wright has paid all outstanding docketing fees and sanctions incurred in this and other litigation. In support of Defendants' second and third assertions, Defendants argue that the Seventh Circuit's dismissal of Wright's appeal in the Laurent case warrants a third and fatal § 1915(g) "strike".

The Court will not reconsider its decision to grant Wright In Forma Pauperis status. Defendants do not indicate under which Federal Rule of Civil Procedure this motion to reconsider is brought, but the Court notes that a Rule 59(e) Motion to Alter or Amend Judgment must be brought within 28 days of the entry of judgment, and that a Rule 60(b) Motion for Relief from a Judgment or Order must be brought within "a reasonable time." FED. R. CIV. P. 59(e); 60(c). Defendants filed this Motion on November 3, 2010. They challenge a judgment entered by the Court on February 2, 2004. The time for Defendants to ask the Court to reconsider its February 2, 2004 Order has long since passed.

As to Defendants' second and third assertions, the Court cannot agree that the Seventh Circuit's dismissal of the Laurent appeal is a § 1915(g) "strike." In its Order dismissing that appeal, the Seventh Circuit indicated only that "this appeal is DISMISSED for failure to pay the required docketing fee pursuant to Circuit Rule 3(b)." Wright v. Laurent, 04-2818, slip op. at 1 (7th Cir. Dec. 2, 2004). The Seventh Circuit did not indicate the case was "frivolous, malicious, or failed to state a claim" pursuant to § 1915(g). Instead, the Seventh Circuit dismissed the appeal because Wright failed to pay the required filing fee. The Court finds that such a dismissal is not a § 1915(g) "strike."

Defendants' Motion to Reconsider and Dismiss is therefore denied. Defendants shall answer Wright's Complaint on or before February 17, 2011.